OPINION HEADING PER CUR 






                     NO. 12-04-00260-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


MARIO A. GOMEZ,                                          §     APPEAL FROM THE 
APPELLANT

V.                                                                         §     COUNTY COURT AT LAW NO. 2 OF

THE STATE OF TEXAS,
APPELLEE                                                        §     SMITH COUNTY, TEXAS





OPINION
            Mario A. Gomez appeals his conviction for assault-family violence. After a jury found
Appellant guilty, the trial court assessed his punishment at 365 days of confinement in the county jail
and a $600 fine. In seven issues, he contends the evidence is legally and factually insufficient to
support his conviction and that he was denied his right to confront witnesses against him. The State
failed to file a brief. We affirm.
 
Factual and Legal Background
            Around 5:00 a.m. on October 19, 2003, Tyler Police Officers Wesley Lawrence and Jeff Davis
were dispatched to a convenience store at 324 South Beckham in Tyler, Texas. Although it was still
dark when they arrived, Carmen Perez immediately approached them. Perez, described by the two
officers as hysterical and crying, told them that she had been assaulted by her ex-boyfriend, Appellant. 
According to Perez and Lawrence, who testified about Perez’s statements at the scene, Appellant
approached Perez, saying he wanted to talk. As Appellant persisted, he grabbed her arm in an attempt
to force her into his car. When Perez pulled away from Appellant, she received two scrapes at least
three inches long down her chest, right above her breasts.
            While Perez was relating the incident to Lawrence and Davis, she and a friend exclaimed
“there he goes, there he goes” as Appellant drove by in a silver Lincoln. Another officer at the scene
got in his vehicle and unsuccessfully attempted to stop Appellant. Lawrence and Davis later
apprehended Appellant near his mother’s house on Elizabeth Street. Later, Tyler policeman Chris
Turner photographed the two scrapes on Perez’s chest. Turner then transported Perez to Elizabeth
Street where she identified Appellant as her assailant. 
            Appellant was charged by information for causing bodily injury assault-family violence. See
Tex. Pen. Code Ann. § 22.01(a)(1) (Vernon Supp. 2005). Appellant was tried before a jury in April
2004. Perez was a reluctant witness and, in January 2004, Appellant asked Perez to drop her charges
against him. However, she ultimately testified about the early morning events of October 19, 2003. 
Officers Lawrence, Davis, and Turner also testified at the trial. The jury found Appellant guilty of
assault-family violence as charged in the information. The trial court then assessed his punishment
at 365 days of confinement and a $600 fine. Appellant timely appealed. 
 
Legal and Factual Sufficiency of the Evidence
            In his fourth and fifth issues, Appellant contends that the evidence was legally and factually
insufficient to support the jury’s determination that he caused bodily injury to Perez. In his sixth and
seventh issues, he contends the evidence was also both legally and factually insufficient to show that
he and Perez were members of the same household. 
Standard of Review
            In evaluating the legal sufficiency of the evidence, we view the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Russeau v. State, 171 S.W.3d 871, 877 (Tex.
Crim. App. 2005) (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560)).
In reviewing factual sufficiency, we must determine whether a neutral review of the evidence, both
for and against the finding, demonstrates that a rational jury could find guilt beyond a reasonable
doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). Evidence is factually
insufficient when evidence supporting the verdict, considered by itself, is too weak to support the
finding of guilt beyond a reasonable doubt. Id.  Evidence is also factually insufficient when contrary
evidence is so strong that the beyond a reasonable doubt standard could not have been met. Id. at
484-85. Under both legal and factual sufficiency, the fact finder is the sole judge of the weight and
credibility of the witness’s testimony. Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App.
2000); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The jury may choose to believe
all, some, or none of a witness’s testimony. See Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim.
App. 1986). 
Assault
            A person commits the offense of assault against a member of his household if he 1)
intentionally, knowingly, or recklessly 2) causes bodily harm 3) to another, and 4) he is a member of
the same household as defined by the Texas Family Code. Tex. Pen. Code Ann. § 22.01(a)(1)
(Vernon Supp. 2005); Tex. Fam. Code Ann. § 71.005 (Vernon 2003). “Bodily injury” is defined as
“physical pain, illness, or any impairment of physical condition.” Tex. Pen. Code Ann. § 1.07(a)(8)
(Vernon 2003). A person is criminally responsible if the result would not have occurred but for his
conduct, operating either alone or concurrently with another cause, unless the concurrent cause was
clearly sufficient to produce the result and the conduct of the actor clearly insufficient. Tex. Pen.
Code Ann. § 6.04(a) (Vernon 2003). The term “family violence” means “an act by a member of a
family or household against another member of the family or household that is intended to result in
physical harm, bodily injury, assault or sexual assault . . .” Tex. Fam. Code Ann. § 71.004(1)
(Vernon 2002). 
            The jury viewed four pictures showing Perez with the two scrapes down her chest, right above
her breasts. These pictures were taken by Officer Turner the same morning that the scrapes occurred
as Perez resisted Appellant’s efforts to force her into his vehicle by grabbing her arm. She told the
jury she received these two scrapes when she tried to pull away from Appellant. 
            Appellant contends that his act of grabbing Perez by her arm was not enough to cause the two
scrapes on her chest. Perez testified that Appellant only wanted to talk to her and did not intend to
hurt her. The jury is the exclusive judge of the credibility of witnesses and of the weight to be given
their testimony; it is also the exclusive province of the jury to reconcile conflicts in the evidence. 
Wesbrook, 29 S.W.3d at 111. The jury could have concluded the scrapes were a logical result of
Appellant’s actions when he grabbed Perez’s arm and tried to force her into his car. See Tex. Pen.
Code Ann. § 6.04(a). The evidence before the jury is legally sufficient to prove that Appellant
assaulted Perez. Further, after carefully reviewing the evidence in a neutral light, we conclude that
the evidence is also factually sufficient to prove Appellant assaulted Perez. See Zuniga v. State, 144
S.W.3d 477, 481 (Tex. Crim. App. 2004). Appellant’s fourth and fifth issues are overruled.
Members of Same Household
            A “household” is a “unit composed of persons living together in the same dwelling, without
regard to whether they are related to each other.” Tex. Fam. Code Ann. § 71.005 (Vernon 2002). 
A “member of a household” includes a person who previously lived in a household. Tex. Fam. Code
Ann. § 71.006 (Vernon 2002). At trial, Perez testified that she and Appellant had lived together for
a year and a half. She stated that they went out together and that they maintained a sexual
relationship. She testified that Appellant would be with her all day and at night. She further testified
that once in a while he would buy groceries. According to Perez, if Appellant had gone out with
anyone else during this year and a half, she would have cared.
            Perez testified that they would live together all right one week and then fight the next. She
said that he would “come and go, come and go.” According to Perez, “sometimes we would be
happy, and then he would be with his mother.” Appellant kept his clothes at his mother’s house on
Elizabeth Street and took his baths there. He also paid the rent for his mother’s house. Perez testified
that Appellant’s conduct confused her. She “always” asked Appellant if he considered her his wife,
lover, or a friend, but he never answered her.
            Our Legislature has established a low legal threshold for establishing the facts necessary to
turn a simple assault into an assault-family violence. The uncontroverted evidence before us is that
Perez and Appellant lived in the same dwelling for a year and a half, although their cohabitation was
off and on due to their disagreements. Therefore, we hold the evidence was both legally and factually
sufficient to establish Perez and Appellant were members of the same household as that term is
defined in the Texas Family Code. Appellant’s sixth and seventh issues are overruled.
Confrontation of Witnesses
            In his first issue, Appellant contends that the trial court erred when it permitted the police
officers to testify regarding statements made by Perez because this violated his right to confrontation
of witnesses guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution
and discussed at length by the United States Supreme Court in Crawford v. Washington, 541 U.S.
36, 59, 124 S. Ct. 1354, 1369, 158 L. Ed. 2d 177 (2004). 
            In the case before us, officers Lawrence, Davis, and Turner testified about statements made
to them by the victim, Perez. However, Perez also testified, and Appellant had the opportunity to
cross examine her three separate times. The fact that Perez testified and was available for Appellant
to cross examine her makes Crawford inapplicable here. See Crawford, 541 U.S. at 59, 124 S. Ct.
at 1369. In Crawford, the Supreme Court sought to prevent the use of ex parte evidence against the
accused. Id., 541 U.S. at 50, 124 S. Ct. at 1363. This category of evidence consists of out of court
statements that were admitted into evidence without the accused having a right to confront the
declarant. Id., 541 U.S. at 50-55, 124 S. Ct. at 1364-65. “When a declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior
testimonial statements.” Id., 541 U.S. at 59 n.9, 124 S. Ct. at 1369 n.9. At trial, Perez testified and
Appellant had the opportunity to cross examine her. Therefore, the Sixth and Fourteenth Amendment
rights of confrontation were not violated and Crawford does not apply. See Crawford v. State, 139
S.W.3d 462, 465 (Tex. App.–Dallas 2004, pet. ref’d) (holding that testimony hearsay was admissible
when declarant testified at trial and was subject to cross examination). Appellant’s first issue is
overruled. 
            In his second issue, Appellant contends that his right of confrontation of witnesses under
article I, section 10 of the Texas constitution was violated. However, Appellant has not identified any
distinction between the analysis we apply under the federal Confrontation Clause and the analysis we
apply under the Texas Constitution. See Key v. State, 173 S.W.3d 72, 77 (Tex. App.–Tyler 2005, pet.
ref’d). When an appellant offers no reason for construing the Texas Constitution as conferring greater
protection in an area of law than the federal constitution, we will not address his state constitutional
argument. See Black v. State, 26 S.W.3d 895, 896 n.4 (Tex. Crim. App. 2000). This specifically
applies when, as here, an appellant fails to point out any meaningful distinctions between the
confrontation clauses in the federal and Texas constitutions. See LaGrone v. State, 942 S.W.2d 602,
614 (Tex. Crim. App. 1997). Appellant’s second issue is overruled.
Attempted Recall of Victim to Testify
            In his third issue, Appellant contends that the trial court erred in refusing to allow him to recall
Perez to testify during his case in chief, thereby violating his right to appearance of witnesses,
guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution. Specifically,
Appellant contends that he did not have an opportunity to cross examine Perez regarding her
inconsistent and contradictory testimony and how Perez sustained her injuries because the trial court
refused to allow him to recall Perez as a witness. 
            The trial court’s decision to admit or exclude evidence is reviewed under an abuse of
discretion standard. Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996). A reviewing
court should not reverse a trial judge’s ruling that was within the zone of reasonable disagreement. 
Id. at 102. The right to confront one’s accuser necessarily includes the right to cross examine. 
Carroll v. State, 916 S.W.2d 494, 497 (Tex. Crim. App. 1996). Nevertheless, there are several areas
where cross examination may be inappropriate and, in those situations, the trial judge has the
discretion to limit cross examination. Id. at 498 (citing Delaware v. Van Arsdall, 475 U.S. 673, 682,
106 S. Ct. 1431, 1436-37, 89 L. Ed. 2d 674 (1986)). Specifically, a trial judge may limit cross
examination when a subject is exhausted. Carroll, 916 S.W.2d at 498.
            In the case before us, Appellant had an opportunity to cross examine Perez at three separate
times after the State first elicited direct testimony from her. The State questioned Perez about
specific details involving the assault during all three of its direct examinations. The State also elicited
testimony from her regarding her living arrangements with Appellant during its first two direct
examinations. Appellant specifically cross examined Perez regarding the assault during his first two
cross examinations and conducted a lengthy questioning of her during his first cross examination
regarding her living arrangements with Appellant. Appellant failed to raise any topics or issues that
had not already been covered with Perez on his cross examinations. We hold the trial court did not
abuse its discretion in refusing to allow Appellant to recall Perez during his case in chief. Appellant’s
third issue is overruled.
Conclusion
            Having overruled Appellant’s seven issues, the judgment of the trial court is affirmed.
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice
Opinion delivered December 30, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
(PUBLISH)