Opinion issued February 20, 2007











In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00803-CR






LARRY GLENN HAYNES, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause No. 1015486






OPINION ON PETITION FOR

DISCRETIONARY REVIEW

 The State has filed a petition of discretionary review. Pursuant to Texas Rule
of Appellate Procedure 50, we withdraw our November 16, 2006 opinion and
substitute this modified opinion. Our November 16, 2006 judgment remains
unchanged.

 We must decide whether the State may use a section of the Family Code to
define who constitutes a household member for the purposes of committing felony
assault. Appellant Larry Glenn Haynes was convicted by a jury of assault of a
household member, a third degree felony. (1) The jury found as an element of the
offense that appellant was previously convicted of an assault of a household member. 
2003 Penal Code § 22.01(b)(2). Appellant pleaded true to two enhancement
paragraphs for previous felony convictions for possession of a controlled substance
and assault, subjecting appellant to punishment as a habitual offender. See Tex. Pen.
Code Ann. § 12.42(d) (Vernon Supp. 2005). The trial court assessed punishment at
imprisonment for 25 years.

 Appellant brings six points of error, alleging the trial court erred in admitting
evidence (points one and two), the evidence that appellant struck complainant was
legally and factually insufficient (points three and four), and the evidence that
complainant was a member of appellant's household was legally and factually
insufficient (points five and six). We reverse.

 Complainant, appellant's former roommate, testified at trial that she had
recently lived with appellant from September 2002 until January 6, 2005, when she
moved out to "get away" from appellant. She testified that she moved her furniture
out of the apartment on January 6, 2005. After that date, she lived with her mother. 
Appellant telephoned her frequently, but she did not answer the calls.

 On February 2, 2005, appellant came to the mother's home and knocked on the
door. Complainant opened the door, and appellant asked her why she was not
answering his telephone calls. She testified that appellant accused her of lying and
struck her in the mouth. At trial, complainant testified that appellant was not a
member of her household on February 2, 2005, that she was not married to him, that
appellant did not live with her on that date, and that she and the appellant had not
lived with each other since that date.

 In point of error five, appellant contends the evidence is legally insufficient to
support his conviction because there is no evidence that appellant and complainant
were living together in the same dwelling. The standard for reviewing the legal
sufficiency of the evidence is whether, after reviewing the evidence in the light most
favorable to the verdict, any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
318-19, 99 S. Ct. 2781, 2788-89 (1979).

 A person commits the offense of assault if the person intentionally, knowingly,
or recklessly causes bodily injury to another, including the person's spouse. 2003
Penal Code § 22.01(a)(1). An offense under subsection (a)(1) is a Class A
misdemeanor, except that the offense is a felony of the third degree if the offense is
committed against:

 (2) a member of the defendant's family or household, if it is
shown on the trial of the offense that the defendant has been previously
convicted of an offense against a member of the defendant's family or
household under this section . . . .

 . . . .

 (e) In this section:

 (1) "Family" has the meaning assigned by Section 71.003, Family
Code.

 (2) "Household" has the meaning assigned by Section 71.005,
Family Code.

 . . . .

 (f) For the purposes of this section, a defendant has been previously
convicted of an offense against a member of the defendant's family or
a member of the defendant's household under this section if the
defendant was adjudged guilty of the offense or entered a plea of guilty
or nolo contendere in return for a grant of deferred adjudication,
regardless of whether the sentence for the offense was ever imposed or
whether the sentence was probated and the defendant was subsequently
discharged from community supervision.

2003 Penal Code § 22.01(b)(2), (e), (f). Section 71.003, which defines "family," is
not relevant to this case. See Tex. Fam. Code Ann. § 71.003 (Vernon 2002). 
Section 71.005 states, "'Household' means a unit composed of persons living together
in the same dwelling, without regard to whether they are related to each other." Tex.
Fam. Code Ann. § 71.005 (Vernon 2002). The State, therefore, had to prove as an
element of the offense that appellant and complainant were living together in the
same dwelling at the time of the offense.

 In its appellee's brief, the State does not point to any evidence that appellant
and complainant were living together in the same dwelling. Instead, the State argues
that Section 71.006, which is not mentioned in either the 2003 or current version of
Penal Code section 22.01, applies. Section 71.006 states, "'Member of a household'
includes a person who previously lived in a household." Tex. Fam. Code Ann. §
71.006 (Vernon 2002). The State argues that because appellant and complainant once
lived together in the same dwelling, appellant can still assault her as a household
member after she moves out.

 The indictment alleged that appellant "did . . . unlawfully, intentionally and
knowingly cause bodily injury to [complainant], a member of [appellant's]
HOUSEHOLD, . . . by STRIKING THE COMPLAINANT WITH THE
DEFENDANT'S HAND." The jury charge included the Family Code section 71.006
definition of "member of a household." Appellant did not object to the charge. 
However, in conducting a legal sufficiency review, this Court must measure
sufficiency of the evidence by the elements of the offense as defined by the
hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim.
App. 1997). Such a charge would be one that accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State's burden of
proof or unnecessarily restrict the State's theories of liability, and adequately
describes the particular offense for which the defendant was tried. Id. This standard
ensures that a judgment of acquittal is reserved for those situations in which there is
an actual failure in the State's proof of the crime, rather than a mere error in the jury
charge submitted. Id. We must therefore determine if Family Code section 71.006
has any place in a hypothetically correct jury charge for felony assault of a household
member as alleged in the indictment.

 The Court of Criminal Appeals has adopted the "plain meaning" approach to
statutory construction, which limits consideration to the text of the statute unless it
is ambiguous or leads to absurd results. Boykin v. State, 818 S.W.2d 782, 785 (Tex.
Crim. App. 1991). There is nothing ambiguous about restricting the felony offense
of assault of a household member to an assault on a person who currently lives in the
same dwelling as the perpetrator, nor does this restriction lead to an absurd result. 
The Code Construction Act also instructs that words and phrases should be read in
context and construed according to the rules of grammar and common usage. Tex.
Gov't Code Ann. § 311.011(a) (Vernon 2005). (2)

 The legislature could have incorporated the expanded definition of "member
of a household" given by section 71.006. It has not in either the 2003 or current
version of Penal Code section 22.01. The Court of Criminal Appeals has recognized
the logic and common sense of the Latin maxim expressio unis est exclusio alterius
(the expression of one thing is the exclusion of another): When people say one thing,
they do not mean something else. Williams v. State, 965 S.W.2d 506, 507 (Tex. Crim.
App. 1998). The legislature did incorporate the expanded definition of "member of
a household" given by section 71.006 in Penal Code section 25.07 when defining the
offense of violation of a protective order or magistrate's order. Tex. Pen. Code Ann.
§ 25.07(a)(2), (3), (b) (Vernon Supp. 2005).

 We are aware of three courts-of-appeals opinions that have discussed Family
Code section 71.006 in an assault of a household member. In none of the cases was
the issue of section 71.006's applicability directly before the appellate court. The
Fort Worth Court of Appeals applied section 71.006 in a case in which there was
testimony that the defendant and the complainant were living together when the
assault occurred. Goodwin v. State, 91 S.W.3d 912, 920 (Tex. App.--Fort Worth
2002, no pet.). The Tyler Court of Appeals applied section 71.006 in a case in which
there was testimony that the defendant and the complainant had lived together off and
on for a year and a half. Gomez v. State, 183 S.W.3d 86, 90 (Tex. App.--Tyler 2005,
no pet.). The use of section 71.006 was not outcome determinative in either case
because there was a question of fact about the domicile of the defendant and the
complainant, an issue for the fact finder to determine. Justice Vance of the Waco
Court of Appeals dissented to the use of section 71.006 in a case in which the
defendant did not raise a legal-sufficiency challenge on appeal, therefore waiving the
issue. Archie v. State, 181 S.W.3d 428, 435-38 (Tex. App.--Waco 2005, pet.
granted) (No. PD-0051-06; section 71.006 issue not raised).

 We hold that the 2003 version of Penal Code section 22.01, which expressly
refers to Family Code section 71.005, does not authorize the State to use Family Code
section 71.006 to define who constitutes a household member for the purposes of
committing felony assault. The State, therefore, must prove as an element of the
offense of felony assault on a household member that the defendant and the
complainant were living together in the same dwelling when the offense was
committed. The hypothetically correct jury charge in this case would not have
included the definition from Family Code section 71.006, and there is no evidence
that appellant and complainant lived together in the same dwelling when appellant
struck her in the mouth. In fact, the only evidence at trial was that complainant did
not live together with appellant at the time of the assault.

 We sustain point of error five. Having held that the evidence is legally
insufficient to support an element of the offense, we need not address issues one, two,
three, four, and six.

 We reverse the judgment of conviction and render a judgment of acquittal. The
State's petition for discretionary review is dismissed pursuant to Texas Rule of
Appellate Procedure 50.





 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Jennings, and Higley.

Publish. Tex. R. App. P. 47.2(b).
1. Because the indictment alleges the offense was committed on February
2, 2005, this case is governed by the version of Penal Code 22.01 in
effect at that time. See Act of May 29, 1993, 73d Leg., R.S., ch. 900,
sec. 1, § 22.01, 1993 Tex. Gen. Laws 3586, 3616, amended by Act of
May 24, 1995, 74th Leg., R.S., ch. 659, § 1, 1995 Tex. Gen. Laws 3630,
3630, amended by Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 5,
1995 Tex. Gen. Laws 2734, 2736, amended by Act of May 8, 1997, 75th
Leg., R.S., ch. 165, § 27.01, 1997 Tex. Gen. Laws 327, 556, amended
by Act of May 21, 1997, 75th Leg., R.S., ch. 165, §§ 27.01, 31.01(68),
1997 Tex. Gen. Laws 327, 556, 711, amended by Act of Apr. 23, 1999,
76th Leg., R.S., ch. 62, § 15.02(a), 1999 Tex. Gen. Laws 127, 357,
amended by Act of May 26, 1999, 76th Leg., R.S., ch. 1158, § 1, 1999
Tex. Gen. Laws 4063, 4063, amended by Act of May 28, 2003, 78th
Leg., R.S., ch. 1019, §§ 1, 2, 2003 Tex. Gen. Laws 2963, 2963, amended
by Act of May 30, 2003, 78th Leg., R.S., ch. 294, § 1, 2003 Tex. Gen.
Laws 1263, 1263, amended by Act of May 30, 2003, 78th Leg., R.S., ch.
1028, § 1, 2003 Tex. Gen. Laws 2974, 2974 [hereinafter 2003 Penal
Code § 22.01] (since amended).
2. The State asks us to consider the legislative intent behind one of the two
2005 amendments to section 22.01. See Act of May 27, 2005, 79th Leg.,
R.S., ch. 788, §§ 1, 2, 2005 Tex. Gen. Laws 2709, 2709. Because one
session of the legislature has no power to construe or declare the intent
of a past session, we cannot consider the legislative intent behind the
2005 amendment. See Rowan Oil Co. v. Tex. Employment Comm'n, 263
S.W.2d 140, 144 (Tex. 1953).