

## NUMBER 13-08-00740-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**RUDY GARCIA,**                                       **APPELLANT,**

**v.**

**THE STATE OF TEXAS,**                                **APPELLEE.**

**On Appeal from the 117th District Court
of Nueces County, Texas.**

## MEMORANDUM OPINION

**Before Justices Yañez, Garza, and Benavides
Memorandum Opinion by Justice Yañez**

Appellant, Rudy Garcia, was charged with twenty counts of aggravated sexual assault of a child and two counts of indecency with a child.[1]  A jury found Garcia not guilty of seven counts of aggravated sexual assault of a child (counts 1-7), guilty of

---

[1] *See* TEX. PENAL CODE ANN. §§ 21.11, 22.021 (Vernon 2003).

thirteen counts of aggravated sexual assault of a child (counts 8-20), and guilty of both counts of indecency with a child (counts 21-22). Garcia was sentenced to twenty years' confinement for each count of aggravated sexual assault of a child, and ten years' probation for each count of indecency with a child.[2] By ten issues, Garcia claims that the trial court erroneously overruled his objections to certain evidence (issues 1, 3, 4, 5, 7, 8, and in a sub-issue to issue 9), the trial court improperly limited his cross-examination of certain witnesses (issues 2, 6, and 9), and the State improperly commented on the defendant's right to remain silent during its closing argument (issue 10).[3] We affirm.[4]

## I. ADMISSION AND EXCLUSION OF EVIDENCE

By his first, third, fourth, fifth, seventh, eighth, and ninth issues, Garcia complains that the trial court erred by overruling several of his objections to certain evidence. Specifically, Garcia contends that the trial court erred by overruling his objection: (1) to Detective Michael Ilse's testimony that "boys do not readily share information about sexual assault"; (2) that the prosecutor had "elicited responses from [Detective Ilse] regarding the defendant's right to remain silent"; (3) to the admission of testimonial hearsay that allegedly violated his sixth amendment right of confrontation; (4) to testimony from Jeff Carlisle; (4) to the admission of the children victims' videotaped

---

[2] The trial court ordered counts 8-15 to run concurrently and counts 16-20 to run consecutively to counts 8-15. The trial court ordered the punishment for counts 21-22 to run concurrently with that impose for `counts 16-20.

[3] The State has not filed a brief in this case.

[4] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

statements into evidence; and (5) to Ricardo Jimenez's testimony "that a child will have more recollection now than earlier."

A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard.[5]  The test to determine if the trial court has abused its discretion is whether the court acted without reference to any guiding rules and principles, or if the action was arbitrary or unreasonable.[6]

## A.    Objection to Detective Ilse's Testimony

By his first issue, Garcia contends, citing only Texas Rule of Evidence 705(a), that the trial court erroneously allowed Detective Ilse to state his opinion that boys "do not readily share information about sexual assault."[7]  Texas Rule of Evidence 705(a) states, "The expert may testify in terms of opinion or inference and give the expert's reasons therefor without prior disclosure of the underlying facts or data, unless the court requires otherwise.  The expert may in any event disclose on direct examination, or be required to disclose on cross-examination, the underlying facts or data."[8]

At trial, Garcia objected to Detective Ilse's testimony on the basis that it was speculation and did not object pursuant to rule 705(a).  Therefore, because Garcia's complaint on appeal does not comport with his objection at trial, we conclude that he has not preserved error.[9]  We overrule Garcia's first issue.

---

[5] *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006).

[6] *Lyles v. State*, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993) (en banc).

[7] *See* TEX. R. EVID. 705(a).

[8] *Id.*

[9] *See* TEX. R. APP. P. 33.1 (requiring that a complaint be made to the trial court by a specific, timely request, objection, or motion in order to preserve error for appellate review unless the specific

3

**B.     Right to Remain Silent**

By his third issue, Garcia contends that the trial court erroneously overruled his request for mistrial when the State allegedly elicited responses from Detective Ilse regarding the defendant's right to remain silent.  Specifically, Garcia complains of the following:

| | |
|---|---|
| [The State]: | And is it typically your practice to try to make contact with the suspect of an offense? |
| [Detective Ilse]: | Yes, ma'am. |
| [The State]: | And were you able to gather any information from him about this? |
| [Detective Ilse]: | No, ma'am. |
| [The State]: | Was he present at the home? |
| [Detective Ilse]: | Yes, he was. |
| [Defense Counsel]: | Your Honor— |
| [The State]: | Pass the— |

At this point, defense counsel approached the bench and requested a mistrial arguing that the State's questioning had elicited a comment on Garcia's right to remain silent. The trial court denied Garcia's request.

In order to preserve error, the defendant must make a timely objection as soon as the ground for objection becomes apparent.[10]  "If a defendant fails to object until after an objectionable question has been asked and answered, and he can show no

---

grounds were apparent from the context); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) ("[T]he point of error on appeal must comport with the objection made at trial.").

[10] *Lagrone v. State*, 942 S.W.2d 602, 618 (Tex. Crim. App. 1997) (en banc).

4

legitimate reason to justify the delay, his objection is untimely and error is waived."[11] Here, Garcia did not object to the objectionable questions or answers, and he has provided no reason to justify his delay in objecting. Therefore, error, if any, is waived.[12] Furthermore, to the extent that Garcia complains of the trial court's denial of his motion for mistrial, he has not provided a clear and concise argument with citation to appropriate authority.[13] Therefore, we conclude that this issue has been inadequately briefed. Accordingly, we overrule Garcia's third issue.

## C.    Exclusion of Evidence

By his fourth issue, Garcia contends that the trial court erroneously determined that he could not, on cross-examination, ask M.G., the mother of the victims, to state the details of a prior sexual assault she allegedly suffered as a child.

Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would have been without the evidence.[14] Generally, relevant evidence is admissible while irrelevant evidence is inadmissible.[15] Error may not be predicated upon a ruling that excludes evidence unless a substantial right of the defendant is

---

[11] *Id.*

[12] *See id.*; *see also Wheatfall v. State*, 882 S.W.2d 829, 836 (Tex. Crim. App. 1994) (en banc) (concluding that by failing to object at trial on basis complained of on appeal, the appellant waived his complaint that the trial court improperly allowed testimony of his post-arrest silence); *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986) (finding that the error, if any, in allowing questions concerning appellant's silence after his arrest was not preserved because appellant failed to object at trial).

[13] TEX. R. APP. P. 38.1(i).

[14] TEX. R. EVID. 401.

[15] *Id.* R. 402.

affected and "the substance of the evidence was made known to the court by offer, or was apparent from the context which questions were asked."[16]

On direct-examination, M.G. testified that she had been the victim of sexual abuse. Outside the presence of the jury, defense counsel requested that he be allowed to ask M.G. to describe in detail what happened to her when she was allegedly sexually abused. Defense counsel argued that the details of M.G.'s experience were "very similar to this allegation against . . . [Garcia], and that the kids [B.A. and M.A.] may have picked up the concept of them being assaulted through the mother and that's—that's essential to our case." Defense counsel then argued that he "believe[d] that there's a boy and girl involved, herself [M.G.] and her cousin, or some other relative. There's a boy and girl involved. There's threats against her to testify. There's an ex—it's a stepfather. A stepfather, threats, boy and girl. It's—it's—it's almost—it's almost like a carbon copy of this case." The State disagreed, stating:

> Your Honor, if I can give you, with [M.G.] present, she was sexually abused by a stepfather. Her brother, who is much younger than her, had been placed out—she had been placed with her grandmother after this abuse. Her brother, her younger brother, who was then living with mother and a new boyfriend was sexually abused by the boyfriend's cousin, not by the stepfather, not at the same time. She wasn't even in the home anymore. She was already having her kids and being with the victim's father. There are no similarities to the type of abuse, to the situation. It wasn't the same step dad who abused a little boy and a little girl. . . .

The trial court denied Garcia's request, concluding that the details of M.G.'s sexual abuse were not relevant because B.A. testified that M.G. did not share any details of the incident with her.[17] The trial court stated that if Garcia established a nexus between

---

[16] *Id.* R.103(a)(2).

[17] B.A. testified that she did not "really know anything" about what happened to M.G. and that M.G. had not told her the specifics of what happened to her. On cross-examination, B.A. stated that

6

M.G.'s sexual abuse and the offense that Garcia allegedly committed, then it would allow Garcia to question M.G. about the details. The trial court stated that Garcia could ask M.G. and the children if M.G. had shared the details of the prior sexual assault with the children. The trial court implied that if Garcia presented evidence that M.G. shared the details with B.A. or M.A., then the proper nexus would be established and Garcia would be allowed to question M.G. about the details of the sexual abuse she allegedly suffered. Garcia did not ask M.G. if she shared the details of the sexual abuse with B.A. and M.A.

Although the testimony may have been relevant to establish that M.G. "coached" the children into accusing Garcia of sexual abuse by telling them the details of her sexual abuse, the trial court could have reasonably found the evidence to be irrelevant because there is nothing in the record supporting a conclusion that M.G. actually told the children any details of the alleged sexual abuse, and both B.A. and M.A. unequivocally stated that M.G. had never shared any details of that event with them. Further, the trial court could have concluded that the evidence was inadmissible under rule 403 because it could have determined that the probative value of the testimony regarding the details of the sexual abuse M.G. allegedly suffered was substantially outweighed by the danger of misleading the jury or confusion of the issues.[18] The trial court's decision to exclude the details of M.G.'s alleged sexual abuse was within the

_____

although M.G. informed her that she was sexually assaulted, M.G. did not state any details of the event. M.A. also testified that although M.G. told him that she had been sexually assaulted when she was a child, she did not provide any details.

[18] *See id.* R. 403.

bounds of reasonable disagreement.[19]  Therefore, we conclude that the trial court did

not abuse its discretion by excluding the evidence.  Accordingly, we overrule Garcia's

fourth issue.

**D.      Objection to Andelman's Testimony and Videotaped Statements**

By his fifth issue, Garcia argues that the trial court violated his right to confront

his accuser under *Crawford v. Washington*[20] because the trial court allowed Elizabeth

Andelman, a sexual assault nurse examiner, to state what B.A. and M.A. told her during

their sexual assault examinations.  Specifically, Andelman read a portion of the medical

forensic examination records to the jury.[21]  By his eighth issue, Garcia contends that,

under *Crawford*, "the introduction of the children's videotaped statements is a clear

violation of the law and is error."

In *Crawford*, the declarant of an out-of-court statement, who was the defendant's

wife, did not testify at the defendant's trial after asserting the spousal privilege.[22]  The

trial court allowed the State to play the defendant's wife's tape-recorded statement to

---

[19] *Shuffield*, 189 S.W.3d at 793 ("If the trial court's decision was within the bounds of reasonable disagreement, the appellate court should not disturb its ruling.").

[20] *See* 541 U.S. 36 (2004).

[21] When asked to "give the [medical] history that the patient [B.A.] gave [her]," Andelman stated:

> Patient states:  My step dad Rudy Garcia used to take me into the room.  He said your mom told me to wipe you because of your underpants.  He touched me here.  He stuck his thing inside me here.  Patient indicates female sexual organ by pointing and my butt. He told me not to tell my mom or anyone else. . . .

When asked "and what [medical] history did [M.A.] give [you]," Andelman responded:

> Time of incident.  When I was six, seven or eight, patient states:  My step dad used to force me to bend over.  He would put his hand on my private.  Patient indicates penis by pointing.  He put his front in my bottom.  He told me that if I told he would kill me.  It happened more than once.  When he would get out of the shower he would tell me or my sister [B.A.] to go get a towel and he would keep us in there for a long time. . . .

[22] *Id.* at 40.

8

the police describing the crime, even though the defendant had no opportunity for cross-examination.[23]  The United States Supreme Court concluded that the trial court had improperly allowed the admission of the wife's testimonial statement against the defendant.[24]  The Supreme Court held that admission of a witness's testimonial statement is a violation of the defendant's Sixth Amendment right of confrontation when the declarant is unavailable to testify and the defendant had no prior opportunity to cross-examine the declarant.[25]  However, the Supreme Court stated that "[w]hen a declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements."[26]

In this case, we do not need to determine whether B.A.'s and M.A.'s statements were testimonial because both B.A. and M.A. testified at Garcia's trial and appeared for cross-examination.  Therefore, even assuming B.A.'s and M.A.'s statements to Andelman and in the video were testimonial in nature, the Confrontation Clause places no constraints on the use of those prior statements.[27]  We overrule Garcia's fifth and eighth issues.[28]

---

[23] *Id.* at 38.

[24] *Id.* at 68.

[25]  *Id.*; *Saldana v. State*, 287 S.W.3d 43, 60 (Tex. App.–Corpus Christi 2008, pet. ref'd).

[26] *Crawford*, 541 U.S. at 59 n.9 ("The [Confrontation] Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it.").

[27] *See id.*; *Gomez v. State*, 183 S.W.3d 86, 90-91 (Tex. App.–Tyler 2005, no pet.) (concluding that *Crawford* was inapplicable because the declarant testified at trial and the defendant had the opportunity to cross-examine her); *see also Cornet v. State*, No. 08-09-00054-CR, 2010 Tex. App. LEXIS 4515, at *5 (Tex. App.–El Paso June 16, 2010, no pet.) (mem. op., not designated for publication) ("Accordingly, because K.M. testified at trial and was available for cross-examination, the trial court did not violate Appellant's confrontation rights by admitting the outcry witness's testimony, the videotape interview, or the stick drawing."); *Veseley v. State*, No. 12-06-00131-CR, 2007 Tex. App. LEXIS 5611, at *9-10 (Tex. App.–Tyler July 18, 2007, no pet.) (mem. op., not designated for publication) (finding that the appellant's objection pursuant to *Crawford* was without merit because the declarant testified at the trial and was available for cross-examination); *Moreno v. State*, Nos. 13-03-00649-CR, 13-03-00650-CR,

9

**E. Objection to Jeff Carlisle's Testimony[29]**

By his seventh issue, appellant complains that the trial court erroneously overruled his objection to Carlisle's testimony that in a CPS case, the department's findings must be supported by a preponderance of the evidence. In a multifarious argument, Garcia alleges that admission of this testimony was improper because it invaded the province of the jury, it was impermissible hearsay, it constituted an impermissible comment on Garcia's right to remain silent, and it violated due process. We will address the issue as we understand it.

Garcia apparently asserts that, because CPS uses a lower standard to determine whether there has been abuse, Carlisle should not have been allowed to state that, in this case, CPS had determined there was a "reason to believe" that sexual abuse had occurred.

Garcia complains of the following exchange:

[The State]:   So in making a ruling or a determination with regards to this sexual abuse case, what did the department rule?

[Carlisle]:    Reason to believe.

[The State]:   And explain what that means to the jury, please.

[Carlisle]:    In our cases, it's—we're civil so all we need is a preponderance of the evidence versus . . .

---

2005 Tex. App. LEXIS 4091, at *2 (Tex. App.–Corpus Christi May 26, 2005, pet. ref'd) (mem. op., not designated for publication) (holding *Crawford* inapplicable to admission of outcry statements and forensic videotape interview when victim testified at trial).

[28] By a sub-issue to his eighth issue, Garcia contends that the trial court should have excluded the videotaped statements because they were inadmissible pursuant to article 38.07 of the code of criminal procedure. Because Garcia has not provided a clear and concise argument with citation to appropriate authority, we conclude that he has waived this issue. *See* TEX. R. APP. P. 38.1(i).

[29] Carlisle testified that he is an investigator with CPS.

10

[Defense Counsel]:  Your Honor, I would object to this line of questioning. She's asking him to invade the province of the jury and make a determination in this case.

[The State]:  Your Honor, I'm asking for CPS's ruling with regards to this case and he is . . .

[Trial Court]:  You may speak to CPS's ruling and any guidelines or things of that nature, but nothing else.

[Carlisle]:  Okay.

[Trial Court]:  Okay.

[Carlisle]:  Reason to believe it's preponderance of the evidence that would indicate that abuse did occur.

[The State]:  And what do you use to base that reason to believe finding on?

[Carlisle]:  Normally, it's physical evidence, the outcry of the children makes [sic], interviews with witnesses or other family members who know the families or the victims.

[The State]:  So in collective gathering information and investigating this particular situation, your ruling was reason to believe that this had occurred; is that correct?

[Carlisle]:  Correct.

Garcia did not object. When the same testimony is admitted without objection elsewhere during the trial, the defendant waives any complaint he may have had regarding the admissibility of the testimony.[30] Therefore, to the extent that Garcia

---

[30] *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) ("[T]o preserve error in admitting evidence, a party must make a proper objection and get a ruling on that objection. In addition, a party must object each time the inadmissible evidence is offered or obtain a running objection. An error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection.") (citing *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (en banc) ("Our rule . . . is that overruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling.")); *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991) ("[I]t is well settled that an error in admission of evidence is cured where the

11

complains on appeal that the trial court erred in admitting Carlisle's testimony that CPS found a "reason to believe" there was sexual abuse in this case, we conclude he waived any error because he failed to object every time the same or like evidence was offered.[31]

Furthermore, at trial, Garcia only objected to Carlisle's testimony on the basis that it invaded the province of the jury—he did not object on the basis that it was impermissible hearsay, constituted an impermissible comment on Garcia's right to remain silent, or violated due process. Therefore, because these complaints do not comport with Garcia's objection at trial, they have not been preserved for our review.[32] We overrule Garcia's seventh issue.

## F. Objection to Ricardo Jimenez's Testimony

By a sub-issue to his ninth issue, Garcia, citing rule 705(a), argues only that

> [t]he [trial] Court allowed the State to ask questions concerning whether a child will have more recollection now rather than earlier without first qualifying the expert. No supporting data was offered, no instances of experience were garnered from the witness and the testimony was completely speculatory.[[33]]

---

same evidence comes in elsewhere without objection; defense counsel must object every time allegedly inadmissible evidence is offered."); *see also Fuentes v. State*, 991 S.W.2d 267, 273 (Tex. Crim. App. 1999) (concluding that the appellant waived any complaint to the trial court's alleged improper remarks because he did not renew his objection when the trial court repeated the complained of remarks virtually verbatim).

[31] *See Lane*, 151 S.W.3d at 193; *Ethington*, 819 S.W.2d at 858.

[32] *Wilson*, 71 S.W.3d at 349.

[33] Internal citations to the record omitted.

Garcia has not provided a clear and concise argument with citation to appropriate authority supporting his contention; therefore, Garcia has waived this issue.[34] We overrule Garcia's sub-issue to his ninth issue.

## II.    CROSS-EXAMINATION

By his second, sixth, and ninth issues, Garcia contends that the trial court violated his right to due process of law by abrogating his right to cross-examine the witnesses.

In his second issue, Garcia argues that the trial court refused to allow him "to properly cross[-]examine Detective Ilse in regards of the word 'rape.'" Garcia complains of the following exchange:

[Defense Counsel]: There was another thing you testified to.  You said that the children used the word rape.  You said that they were raped—

[Detective Ilse]:     Yes, sir.

[Defense Counsel]: —by Rudy.

[The State]:     Your Honor, I would object.

[Trial Court]:     All right.  You—Mr.—

[Defense Counsel]: I'm asking him about his experience.

[Trial Court]:     I know, but nobody has said **adult words**, and you as the attorney get to ask questions, but you cannot bring things before the witness that has not been brought out in testimony.[35]

[Defense Counsel]: Yes, okay.

---

[34] TEX. R. APP. P. 38.1(i).

[35] Emphasis added.

13

However, Garcia's defense counsel then asked: "Officer, in your experience, is the word 'rape' to describe a sexual assault, is that an adult word or a child word?" Detective Ilse responded, "It—it could be—it's mostly an adult word, that's correct, yes. It's a common word." Defense counsel then asked Detective Ilse six more questions concerning a child's use of the "adult word" rape and whether it raises a "red flag" that an adult may have "planted" the idea of rape in the child's mind. Detective Ilse stated that he is not surprised when a child uses the word "rape," that most children in his investigations use the word "touched," it depends on the child's background and history whether a child will use the word "rape" when making an outcry, and generally it does raise a "red flag" that an adult may have influenced a child to make the outcry when the child uses the word "rape." The State did not object to this testimony.

Based on our review of the record, we conclude that Garcia's claim that the trial court refused to allow him "to properly cross[-]examine Detective Ilse in regards of the word 'rape'" is without merit. Although the trial court sustained the State's initial objection, it subsequently allowed Garcia to ask Detective Ilse several questions about the children's use of the word "rape." Therefore, we overrule Garcia's second issue.

By his sixth issue, Garcia contends that the trial court erroneously limited his cross-examination of M.A. Without specifically identifying which of the State's objections the trial court improperly sustained, Garcia argues that "over the entire testimony of the witness, the [trial court] sustained every objection by the State, chastised the Defense, and refused to allow counsel to elicit responses to his questions, thus taking credibility away from the Defense and not allowing the Defense to effectively cross[-]examine the witness." Garcia does not provide a clear and concise argument

14

explaining which of the State's objections the trial court should have overruled or why the trial court erred in its rulings. Therefore, we conclude that Garcia has waived his sixth issue, and we overrule it.[36]

By his ninth issue, Garcia contends that the trial court "refused to allow the defense to fully cross-examine the witness," Ricardo Jimenez. Garcia complains that the trial court "allowed the State to elicit hearsay statements from [Jimenez] concerning statements that were made to him but did not allow hearsay statements to be cross-examined by the Defense." We construe this as a complaint that the trial court allowed impermissible hearsay; however, Garcia cites a portion of the reporter's record where he objected to the State's question on the basis that it "call[ed] for speculation." Garcia did not object to the State's question on the basis that it was an attempt to elicit hearsay. Garcia's objection at trial does not comport with his argument on appeal.[37] Therefore, he has not preserved error for our review.[38] We overrule Garcia's ninth issue.

### III.   CLOSING ARGUMENT

By his tenth issue, Garcia contends that the State made an improper closing argument that infringed on his right to remain silent. At trial, Garcia objected to the complained-of comments on the basis that they shifted the burden of proof; Garcia did not object on the basis that in its closing argument, the State commented on his right not to testify. Therefore, to the extent that Garcia complains on appeal that the State

---

[36] TEX. R. APP. P. 38.1(i).

[37] *Wilson*, 71 S.W.3d at 349.

[38] *Id.*

15

commented on his right to remain silent, Garcia has not preserved error.[39]   To the extent that Garcia asserts that the State attempted to shift the burden of proof, we conclude that he has waived this issue because he has not provided a clear and concise argument with citation to appropriate authority.[40]   We overrule Garcia's tenth issue.

## IV.   CONCLUSION

Having overruled Garcia's ten issues, we affirm the trial court's judgment.

LINDA REYNA YAÑEZ,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
30th day of November, 2010.

---

[39] *See Freeman v. State*, No. 01-05-01181-CR, 2007 Tex. App. LEXIS 20, at *2 (Tex. App.– Houston [1st Dist.] Jan. 4, 2007, pet. ref'd) (mem. op., not designated for publication) ("An objection that the State's argument shifts the burden of proof does not comport with an appellate challenge that the State's argument commented on a defendant's failure to testify.") (citing *Paster v. State*, 701 S.W.2d 843, 849 (Tex. Crim. App. 1985); *McLendon v. State*, 167 S.W.3d 503, 510 (Tex. App.–Houston [14th Dist.] 2005, no pet.)).

[40] TEX. R. APP. P. 38.1(i).