NUMBER 13-08-00740-CR

 

                                 COURT OF
APPEALS

 

                     THIRTEENTH DISTRICT OF
TEXAS

 

                         CORPUS CHRISTI -
EDINBURG


____________________________________________________________

 

RUDY GARCIA,                                                                        APPELLANT,

 

                                                             v.

 

THE STATE OF TEXAS,                                                            APPELLEE.


____________________________________________________________

 

                          On Appeal from the 117th
District Court 

                                       of Nueces
County, Texas.

____________________________________________________________

 

                               MEMORANDUM OPINION

 

                     Before Justices
Yañez, Garza, and Benavides

Memorandum Opinion by
Justice Yañez

 

            Appellant,
Rudy Garcia, was charged with twenty counts of aggravated sexual assault of a
child and two counts of indecency with a child.[1] 
A jury found Garcia not guilty of seven counts of aggravated sexual assault of
a child (counts 1-7), guilty of thirteen counts of aggravated sexual assault of
a child (counts 8-20), and guilty of both counts of indecency with a child
(counts 21-22).  Garcia was sentenced to twenty years’ confinement for each
count of aggravated sexual assault of a child, and ten years’ probation for
each count of indecency with a child.[2] 
By ten issues, Garcia claims that the trial court erroneously overruled his
objections to certain evidence (issues 1, 3, 4, 5, 7, 8, and in a sub-issue to
issue 9), the trial court improperly limited his cross-examination of certain witnesses
(issues 2, 6, and 9), and the State improperly commented on the defendant’s
right to remain silent during its closing argument (issue 10).[3] 
We affirm.[4]

I.  Admission and Exclusion of Evidence

            By
his first, third, fourth, fifth, seventh, eighth, and ninth issues, Garcia
complains that the trial court erred by overruling several of his objections to
certain evidence.  Specifically, Garcia contends that the trial court erred by
overruling his objection:  (1) to Detective Michael Ilse’s testimony that “boys
do not readily share information about sexual assault”; (2) that the prosecutor
had “elicited responses from [Detective Ilse] regarding the defendant’s right
to remain silent”; (3) to the admission of testimonial hearsay that allegedly violated
his sixth amendment right of confrontation; (4) to testimony from Jeff
Carlisle; (4) to the admission of the children victims’ videotaped statements
into evidence; and (5) to Ricardo Jimenez’s testimony “that a child will have
more recollection now than earlier.”

            A
trial court’s decision to admit or exclude evidence is reviewed under an abuse
of discretion standard.[5] 
The test to determine if the trial court has abused its discretion is whether
the court acted without reference to any guiding rules and principles, or if
the action was arbitrary or unreasonable.[6]

A.        Objection
to Detective Ilse’s Testimony

            By
his first issue, Garcia contends, citing only Texas Rule of Evidence 705(a),
that the trial court erroneously allowed Detective Ilse to state his opinion
that boys “do not readily share information about sexual assault.”[7] 
Texas Rule of Evidence 705(a) states, “The expert may testify in terms of
opinion or inference and give the expert's reasons therefor without prior
disclosure of the underlying facts or data, unless the court requires
otherwise.  The expert may in any event disclose on direct examination, or be
required to disclose on cross-examination, the underlying facts or data.”[8]

            At
trial, Garcia objected to Detective Ilse’s testimony on the basis that it was
speculation and did not object pursuant to rule 705(a).  Therefore, because
Garcia’s complaint on appeal does not comport with his objection at trial, we
conclude that he has not preserved error.[9] 
We overrule Garcia’s first issue.

B.        Right
to Remain Silent

            By
his third issue, Garcia contends that the trial court erroneously overruled his
request for mistrial when the State allegedly elicited responses from Detective
Ilse regarding the defendant’s right to remain silent.  Specifically, Garcia
complains of the following:

[The State]:                And
is it typically your practice to try to make contact                                       with
the suspect of an offense?

 

[Detective Ilse]:         Yes,
ma’am.

 

[The State]:                And
were you able to gather any information from him                                   about
this?

 

[Detective Ilse]:         No,
ma’am.

 

[The State]:                Was
he present at the home?

 

[Detective Ilse]:         Yes,
he was.

 

[Defense Counsel]: Your
Honor—

 

[The State]:                Pass
the—

 

At
this point, defense counsel approached the bench and requested a mistrial
arguing that the State’s questioning had elicited a comment on Garcia’s right
to remain silent.  The trial court denied Garcia’s request.

            In
order to preserve error, the defendant must make a timely objection as soon as
the ground for objection becomes apparent.[10]
 “If a defendant fails to object until after an objectionable question has been
asked and answered, and he can show no legitimate reason to justify the delay,
his objection is untimely and error is waived.”[11] 
Here, Garcia did not object to the objectionable questions or answers, and he has
provided no reason to justify his delay in objecting.  Therefore, error, if
any, is waived.[12] 
Furthermore, to the extent that Garcia complains of the trial court’s denial of
his motion for mistrial, he has not provided a clear and concise argument with
citation to appropriate authority.[13] 
Therefore, we conclude that this issue has been inadequately briefed.  Accordingly,
we overrule Garcia’s third issue.

C.        Exclusion
of Evidence

            By
his fourth issue, Garcia contends that the trial court erroneously determined
that he could not, on cross-examination, ask M.G., the mother of the victims,
to state the details of a prior sexual assault she allegedly suffered as a
child.

            Relevant
evidence is evidence having any tendency to make the existence of any fact that
is of consequence to the determination of the action more probable or less
probable than it would have been without the evidence.[14] 
Generally, relevant evidence is admissible while irrelevant evidence is
inadmissible.[15] 
Error may not be predicated upon a ruling that excludes evidence unless a
substantial right of the defendant is affected and “the substance of the
evidence was made known to the court by offer, or was apparent from the context
which questions were asked.”[16]

            On
direct-examination, M.G. testified that she had been the victim of sexual
abuse.  Outside the presence of the jury, defense counsel requested that he be
allowed to ask M.G. to describe in detail what happened to her when she was allegedly
sexually abused.  Defense counsel argued that the details of M.G.’s experience
were “very similar to this allegation against . . . [Garcia], and that the kids
[B.A. and M.A.] may have picked up the concept of them being assaulted through
the mother and that’s—that’s essential to our case.”  Defense counsel then
argued that he “believe[d] that there’s a boy and girl involved, herself [M.G.]
and her cousin, or some other relative.  There’s a boy and girl involved. 
There’s threats against her to testify.  There’s an ex—it’s a stepfather.  A
stepfather, threats, boy and girl.  It’s—it’s—it’s almost—it’s almost like a
carbon copy of this case.”  The State disagreed, stating:

Your Honor, if I can
give you, with [M.G.] present, she was sexually abused by a stepfather.  Her
brother, who is much younger than her, had been placed out—she had been placed
with her grandmother after this abuse.  Her brother, her younger brother, who
was then living with mother and a new boyfriend was sexually abused by the
boyfriend’s cousin, not by the stepfather, not at the same time.  She wasn’t
even in the home anymore.  She was already having her kids and being with the
victim’s father.  There are no similarities to the type of abuse, to the
situation.  It wasn’t the same step dad who abused a little boy and a little girl.
. . .

 

The
trial court denied Garcia’s request, concluding that the details of M.G.’s
sexual abuse were not relevant because B.A. testified that M.G. did not share
any details of the incident with her.[17] 
The trial court stated that if Garcia established a nexus between M.G.’s sexual
abuse and the offense that Garcia allegedly committed, then it would allow
Garcia to question M.G. about the details.  The trial court stated that Garcia
could ask M.G. and the children if M.G. had shared the details of the prior
sexual assault with the children.  The trial court implied that if Garcia
presented evidence that M.G. shared the details with B.A. or M.A., then the
proper nexus would be established and Garcia would be allowed to question M.G.
about the details of the sexual abuse she allegedly suffered.  Garcia did not
ask M.G. if she shared the details of the sexual abuse with B.A. and M.A.

            Although
the testimony may have been relevant to establish that M.G. “coached” the
children into accusing Garcia of sexual abuse by telling them the details of
her sexual abuse, the trial court could have reasonably found the evidence to
be irrelevant because there is nothing in the record supporting a conclusion
that M.G. actually told the children any details of the alleged sexual abuse,
and both B.A. and M.A. unequivocally stated that M.G. had never shared any
details of that event with them.  Further, the trial court could have concluded
that the evidence was inadmissible under rule 403 because it could have determined
that the probative value of the testimony regarding the details of the sexual
abuse M.G. allegedly suffered was substantially outweighed by the danger of
misleading the jury or confusion of the issues.[18] 
The trial court’s decision to exclude the details of M.G.’s alleged sexual
abuse was within the bounds of reasonable disagreement.[19] 
Therefore, we conclude that the trial court did not abuse its discretion by
excluding the evidence.  Accordingly, we overrule Garcia’s fourth issue.

D.        Objection
to Andelman’s Testimony and Videotaped Statements

            By
his fifth issue, Garcia argues that the trial court violated his right to
confront his accuser under Crawford v. Washington[20]
because the trial court allowed Elizabeth Andelman, a sexual assault nurse
examiner, to state what B.A. and M.A. told her during their sexual assault
examinations.  Specifically, Andelman read a portion of the medical forensic
examination records to the jury.[21] 
By his eighth issue, Garcia contends that, under Crawford, “the
introduction of the children’s videotaped statements is a clear violation of
the law and is error.”

            In
Crawford, the declarant of an out-of-court statement, who was the
defendant’s wife, did not testify at the defendant’s trial after asserting the spousal
privilege.[22] 
The trial court allowed the State to play the defendant’s wife’s tape-recorded
statement to the police describing the crime, even though the defendant had no
opportunity for cross-examination.[23] 
The United States Supreme Court concluded that the trial court had improperly
allowed the admission of the wife’s testimonial statement against the defendant.[24] 
The Supreme Court held that admission of a witness’s testimonial statement is a
violation of the defendant’s Sixth Amendment right of confrontation when the
declarant is unavailable to testify and the defendant had no prior opportunity
to cross-examine the declarant.[25] 
However, the Supreme Court stated that “[w]hen a declarant appears for
cross-examination at trial, the Confrontation Clause places no constraints at
all on the use of his prior testimonial statements.”[26]

            In
this case, we do not need to determine whether B.A.’s and M.A.’s statements
were testimonial because both B.A. and M.A. testified at Garcia’s trial and
appeared for cross-examination.  Therefore, even assuming B.A.’s and M.A.’s statements
to Andelman and in the video were testimonial in nature, the Confrontation Clause
places no constraints on the use of those prior statements.[27] 
We overrule Garcia’s fifth and eighth issues.[28]

E.        Objection
to Jeff Carlisle’s Testimony[29]

            By
his seventh issue, appellant complains that the trial court erroneously
overruled his objection to Carlisle’s testimony that in a CPS case, the
department’s findings must be supported by a preponderance of the evidence.  In
a multifarious argument, Garcia alleges that admission of this testimony was
improper because it invaded the province of the jury, it was impermissible
hearsay, it constituted an impermissible comment on Garcia’s right to remain
silent, and it violated due process.  We will address the issue as we
understand it.

            Garcia
apparently asserts that, because CPS uses a lower standard to determine whether
there has been abuse, Carlisle should not have been allowed to state that, in
this case, CPS had determined there was a “reason to believe” that sexual abuse
had occurred.

            Garcia
complains of the following exchange:

[The State]:                So
in making a ruling or a determination with regards to this sexual abuse case,
what did the department rule?

 

[Carlisle]:                   Reason
to believe.

 

[The State]:                And
explain what that means to the jury, please.

 

[Carlisle]:                   In
our cases, it’s—we’re civil so all we need is a preponderance of the evidence
versus . . .

 

[Defense Counsel]: Your
Honor, I would object to this line of questioning.  She’s asking             him
to invade the province of the jury and make a determination in this case.

 

[The State]:                Your
Honor, I’m asking for CPS’s ruling with regards to this case and he is . . .

 

[Trial Court]:              You
may speak to CPS’s ruling and any guidelines or things of that nature, but
nothing else.

 

[Carlisle]:                   Okay.

 

[Trial Court]:              Okay.

 

[Carlisle]:                   Reason
to believe it’s preponderance of the evidence that would indicate that abuse
did occur.

 

[The State]:                And
what do you use to base that reason to believe finding on?

 

[Carlisle]:                   Normally,
it’s physical evidence, the outcry of the children makes [sic], interviews with
witnesses or other family members who know the families or the victims.

 

[The State]:                So
in collective gathering information and investigating this particular
situation, your ruling was reason to believe that this had occurred; is that
correct?

 

[Carlisle]:                   Correct.

 

Garcia
did not object.  When the same testimony is admitted without objection
elsewhere during the trial, the defendant waives any complaint he may have had
regarding the admissibility of the testimony.[30]
Therefore, to the extent that Garcia complains on appeal that the trial court
erred in admitting Carlisle’s testimony that CPS found a “reason to believe”
there was sexual abuse in this case, we conclude he waived any error because he
failed to object every time the same or like evidence was offered.[31]

            Furthermore,
at trial, Garcia only objected to Carlisle’s testimony on the basis that it
invaded the province of the jury—he did not object on the basis that it was
impermissible hearsay, constituted an impermissible comment on Garcia’s right
to remain silent, or violated due process.  Therefore, because these complaints
do not comport with Garcia’s objection at trial, they have not been preserved
for our review.[32] 
We overrule Garcia’s seventh issue.

F.         Objection
to Ricardo Jimenez’s Testimony

            By
a sub-issue to his ninth issue, Garcia, citing rule 705(a), argues only that 

[t]he [trial] Court
allowed the State to ask questions concerning whether a child will have more
recollection now rather than earlier without first qualifying the expert.  No
supporting data was offered, no instances of experience were garnered from the
witness and the testimony was completely speculatory.[[33]]

 

Garcia
has not provided a clear and concise argument with citation to appropriate
authority supporting his contention; therefore, Garcia has waived this issue.[34] 
We overrule Garcia’s sub-issue to his ninth issue.

II.         Cross-Examination

            By
his second, sixth, and ninth issues, Garcia contends that the trial court violated
his right to due process of law by abrogating his right to cross-examine the
witnesses.

            In
his second issue, Garcia argues that the trial court refused to allow him “to
properly cross[-]examine Detective Ilse in regards of the word ‘rape.’”  Garcia
complains of the following exchange:

[Defense Counsel]: There
was another thing you testified to.  You said that the children used the word
rape.  You said that they were raped—

 

[Detective Ilse]:         Yes,
sir.

 

[Defense Counsel]: —by
Rudy.

 

[The State]:                Your
Honor, I would object.

 

[Trial Court]:              All
right.  You—Mr.—

 

[Defense Counsel]: I’m
asking him about his experience.

 

[Trial Court]:              I
know, but nobody has said adult words, and you as the attorney
get to ask questions, but you cannot bring things before the witness that has
not been brought out in testimony.[[35]]

 

[Defense Counsel]: Yes,
okay.

 

However,
Garcia’s defense counsel then asked:  “Officer, in your experience, is the word
‘rape’ to describe a sexual assault, is that an adult word or a child word?” 
Detective Ilse responded, “It—it could be—it’s mostly an adult word, that’s
correct, yes.  It’s a common word.”  Defense counsel then asked Detective Ilse
six more questions concerning a child’s use of the “adult word” rape and
whether it raises a “red flag” that an adult may have “planted” the idea of
rape in the child’s mind.  Detective Ilse stated that he is not surprised when
a child uses the word “rape,” that most children in his investigations use the
word “touched,” it depends on the child’s background and history whether a
child will use the word “rape” when making an outcry, and generally it does
raise a “red flag” that an adult may have influenced a child to make the outcry
when the child uses the word “rape.”  The State did not object to this
testimony.

            Based
on our review of the record, we conclude that Garcia’s claim that the trial
court refused to allow him “to properly cross[-]examine Detective Ilse in
regards of the word ‘rape’” is without merit.  Although the trial court
sustained the State’s initial objection, it subsequently allowed Garcia to ask
Detective Ilse several questions about the children’s use of the word “rape.” 
Therefore, we overrule Garcia’s second issue.

            By
his sixth issue, Garcia contends that the trial court erroneously limited his
cross-examination of M.A.  Without specifically identifying which of the
State’s objections the trial court improperly sustained, Garcia argues that
“over the entire testimony of the witness, the [trial court] sustained every
objection by the State, chastised the Defense, and refused to allow counsel to
elicit responses to his questions, thus taking credibility away from the
Defense and not allowing the Defense to effectively cross[-]examine the
witness.”  Garcia does not provide a clear and concise argument explaining
which of the State’s objections the trial court should have overruled or why
the trial court erred in its rulings.  Therefore, we conclude that Garcia has
waived his sixth issue, and we overrule it.[36]

            By
his ninth issue, Garcia contends that the trial court “refused to allow the
defense to fully cross-examine the witness,” Ricardo Jimenez.  Garcia complains
that the trial court “allowed the State to elicit hearsay statements from
[Jimenez] concerning statements that were made to him but did not allow hearsay
statements to be cross-examined by the Defense.”  We construe this as a
complaint that the trial court allowed impermissible hearsay; however, Garcia cites
a portion of the reporter’s record where he objected to the State’s question on
the basis that it “call[ed] for speculation.”  Garcia did not object to the
State’s question on the basis that it was an attempt to elicit hearsay.  Garcia’s
objection at trial does not comport with his argument on appeal.[37] 
Therefore, he has not preserved error for our review.[38] 
We overrule Garcia’s ninth issue.

III.        Closing Argument

            By
his tenth issue, Garcia contends that the State made an improper closing
argument that infringed on his right to remain silent.  At trial, Garcia
objected to the complained-of comments on the basis that they shifted the
burden of proof; Garcia did not object on the basis that in its closing
argument, the State commented on his right not to testify.  Therefore, to the
extent that Garcia complains on appeal that the State commented on his right to
remain silent, Garcia has not preserved error.[39] 
To the extent that Garcia asserts that the State attempted to shift the burden
of proof, we conclude that he has waived this issue because he has not provided
a clear and concise argument with citation to appropriate authority.[40] 
We overrule Garcia’s tenth issue.

IV.       Conclusion

            Having
overruled Garcia’s ten issues, we affirm the trial court’s judgment.

 

                                                                                                                                                                                                                                                                                                

 

 

 

Do not publish.

Tex. R. App. P. 47.2(b)

Delivered and filed the

30th day of November, 2010. 

 

 









[1]
See Tex. Penal Code Ann.
§§ 21.11, 22.021 (Vernon 2003).





[2]
The trial court ordered counts 8-15 to run concurrently and counts 16-20
to run consecutively to counts 8-15.  The trial court ordered the punishment
for counts 21-22 to run concurrently with that impose for `counts 16-20.





[3]
The State has not filed a brief in this case.





[4]
Because this is a memorandum opinion and the parties are familiar with the
facts, we will not recite them here except as necessary to advise the parties
of the Court’s decision and the basic reasons for it.  See Tex. R. App. P. 47.4.





[5]
Shuffield v. State, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006).





[6]
Lyles v. State, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993) (en banc).





[7]
See Tex. R. Evid. 705(a).





[8]
Id.





[9]
See Tex. R. App. P. 33.1
(requiring that a complaint be made to the trial court by a specific, timely
request, objection, or motion in order to preserve error for appellate review
unless the specific grounds were apparent from the context); Wilson v. State,
71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (“[T]he point of error on appeal must
comport with the objection made at trial.”).





[10]
Lagrone v. State, 942 S.W.2d 602, 618 (Tex. Crim. App. 1997) (en banc).





[11]
Id.





[12]
See id.; see also Wheatfall v. State, 882 S.W.2d 829, 836 (Tex. Crim.
App. 1994) (en banc) (concluding that by failing to object at trial on basis
complained of on appeal, the appellant waived his complaint that the trial
court improperly allowed testimony of his post-arrest silence); Smith v.
State, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986) (finding that the error,
if any, in allowing questions concerning appellant’s silence after his arrest
was not preserved because appellant failed to object at trial).





[13]
Tex. R. App. P. 38.1(i).





[14]
Tex. R. Evid. 401.





[15]
Id. R. 402.





[16]
Id. R.103(a)(2).





[17]
B.A. testified that she did not “really know anything” about what happened to
M.G. and that M.G. had not told her the specifics of what happened to her.  On
cross-examination, B.A. stated that although M.G. informed her that she was
sexually assaulted, M.G. did not state any details of the event.  M.A. also
testified that although M.G. told him that she had been sexually assaulted when
she was a child, she did not provide any details.





[18]
See id. R. 403.





[19]
Shuffield, 189 S.W.3d at 793 (“If the trial court's decision was within
the bounds of reasonable disagreement, the appellate court should not disturb
its ruling.”).





[20]
See 541 U.S. 36 (2004).





[21]
When asked to “give the [medical] history that the patient [B.A.] gave [her],”
Andelman stated:

Patient states:  My step dad Rudy
Garcia used to take me into the room.  He said your mom told me to wipe you
because of your underpants.  He touched me here.  He stuck his thing inside me
here.  Patient indicates female sexual organ by pointing and my butt.  He told
me not to tell my mom or anyone else. . . .

When asked
“and what [medical] history did [M.A.] give [you],” Andelman responded:

Time of incident.  When I was six,
seven or eight, patient states:  My step dad used to force me to bend over.  He
would put his hand on my private.  Patient indicates penis by pointing.  He put
his front in my bottom.  He told me that if I told he would kill me.  It
happened more than once.  When he would get out of the shower he would tell me
or my sister [B.A.] to go get a towel and he would keep us in there for a long
time. . . .

 





[22]
Id. at 40.





[23]
Id. at 38.





[24]
Id. at 68.





[25] 
Id.; Saldana v. State, 287 S.W.3d 43, 60 (Tex. App.–Corpus
Christi 2008, pet. ref'd).





[26]
Crawford, 541 U.S. at 59 n.9 (“The [Confrontation] Clause does not bar admission
of a statement so long as the declarant is present at trial to defend or
explain it.”).





[27]
See id.; Gomez v. State, 183 S.W.3d 86, 90-91 (Tex. App.–Tyler
2005, no pet.) (concluding that Crawford was inapplicable because the
declarant testified at trial and the defendant had the opportunity to
cross-examine her); see also Cornet v. State, No. 08-09-00054-CR,
2010 Tex. App. LEXIS 4515, at *5 (Tex. App.–El Paso June 16, 2010, no pet.)
(mem. op., not designated for publication) (“Accordingly, because K.M.
testified at trial and was available for cross-examination, the trial court did
not violate Appellant's confrontation rights by admitting the outcry witness's
testimony, the videotape interview, or the stick drawing.”); Veseley v.
State, No. 12-06-00131-CR, 2007 Tex. App. LEXIS 5611, at *9-10 (Tex. App.–Tyler
July 18, 2007, no pet.) (mem. op., not designated for publication) (finding
that the appellant’s objection pursuant to Crawford was without merit
because the declarant testified at the trial and was available for
cross-examination); Moreno v. State, Nos. 13-03-00649-CR,
13-03-00650-CR, 2005 Tex. App. LEXIS 4091, at *2 (Tex. App.–Corpus Christi May
26, 2005, pet. ref'd) (mem. op., not designated for publication) (holding Crawford
inapplicable to admission of outcry statements and forensic videotape interview
when victim testified at trial).





[28]
By a sub-issue to his eighth issue, Garcia contends that the trial court should
have excluded the videotaped statements because they were inadmissible pursuant
to article 38.07 of the code of criminal procedure.  Because Garcia has not
provided a clear and concise argument with citation to appropriate authority,
we conclude that he has waived this issue.  See Tex. R. App. P. 38.1(i).





[29]
Carlisle testified that he is an investigator with CPS.





[30]
Lane v. State, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (“[T]o
preserve error in admitting evidence, a party must make a proper objection and
get a ruling on that objection.  In addition, a party must object each time the
inadmissible evidence is offered or obtain a running objection.  An error [if
any] in the admission of evidence is cured where the same evidence comes in
elsewhere without objection.”) (citing Leday v. State, 983 S.W.2d 713,
718 (Tex. Crim. App. 1998) (en banc) (“Our rule . . . is that overruling an
objection to evidence will not result in reversal when other such evidence was
received without objection, either before or after the complained-of
ruling.")); Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim.
App. 1991) ("[I]t is well settled that an error in admission of evidence
is cured where the same evidence comes in elsewhere without objection; defense
counsel must object every time allegedly inadmissible evidence is offered.");
see also Fuentes v. State, 991 S.W.2d 267, 273 (Tex. Crim. App. 1999)
(concluding that the appellant waived any complaint to the trial court's
alleged improper remarks because he did not renew his objection when the trial
court repeated the complained of remarks virtually verbatim).





[31]
See Lane, 151 S.W.3d at 193; Ethington, 819 S.W.2d at 858.





[32]
Wilson, 71 S.W.3d at 349.





[33]
Internal citations to the record omitted.





[34]
Tex. R. App. P. 38.1(i).





[35]
Emphasis added.





[36]
Tex. R. App. P. 38.1(i).





[37]
Wilson, 71 S.W.3d at 349.





[38]
Id.





[39]
See Freeman v. State, No. 01-05-01181-CR, 2007 Tex. App. LEXIS 20, at *2
(Tex. App.–Houston [1st Dist.] Jan. 4, 2007, pet. ref'd) (mem. op., not
designated for publication) ("An objection that the State's argument
shifts the burden of proof does not comport with an appellate challenge that
the State's argument commented on a defendant's failure to testify.") (citing
Paster v. State, 701 S.W.2d 843, 849 (Tex. Crim. App. 1985); McLendon
v. State, 167 S.W.3d 503, 510 (Tex. App.–Houston [14th Dist.] 2005, no
pet.)).





[40]
Tex. R. App. P. 38.1(i).